UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BARRY HOWLAND HENDERSON,         )
                                 )
         Plaintiff               )
                                 )
v.                               )   No. 2:13-cv-426-JHR
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security, )
                                 )
         Defendant               )

# MEMORANDUM DECISION[1]

On his return to this court concerning his application for Social Security Disability ("SSD") benefits, the plaintiff challenges the mental portion of the residual functional capacity ("RFC") assigned to him by the administrative law judge and the administrative law judge's evaluation of his credibility. For the reasons that follow, I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.3d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2007, for purposes of SSD,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written response to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this action, including the entry of judgment. ECF No. 19.

Finding 1, Record at 379;[2] that, through the date last insured, the plaintiff suffered from gout, chronic neck and back pain, anxiety, and depression, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 379-81; that, through the date last insured, the plaintiff had the RFC to perform light work, except that he could never climb ladders, ropes, or scaffolds, kneel, or crawl, could occasionally climb ramps and stairs, balance, stoop, and crouch, needed to avoid work at unprotected heights and on slippery or uneven surfaces, could understand, remember, and carry out simple, repetitive instructions and could persist at that level of complexity for eight hours a day, five days a week, needed to avoid work with the general public but could interact appropriately with coworkers and supervisors, and was able to adapt to routine changes in the work setting, Finding 5, *id.* at 383; that he was unable to perform any past relevant work, Finding 6, *id.* at 386; that, given his age (49 on the date last insured, a younger individual), at least high school education, work experience, and RFC, use of the Medical-Vocation Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to a finding that the plaintiff was not disabled at the relevant time, as there were jobs available in significant numbers in the national economy that he could have performed, Findings 7-10, *id.* at 386-87; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged onset date, October 1, 2006, through December 31, 2007, the date last insured, Finding 11, *id.* at 388. The Appeals Council reviewed the decision and upheld it, *id.* at 367-70, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] All references to the Record in this decision are to the second administrative record, filed on May 7, 2014, as ECF No. 13, unless otherwise noted.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A. Mental RFC

The plaintiff first argues that the mental RFC assigned to him by the administrative law judge is not supported by substantial evidence because the administrative law judge impermissibly interpreted raw medical evidence and because there is no medical evidence in the record to support it. Itemized Statement of Errors Pursuant to Local Rule 16.3 ("Itemized Statement") (ECF No. 14) at 2. He faults the administrative law judge for failing to "heed" a "directive" from this court in connection with the first appeal in this case, which resulted in a remand to the commissioner. *Id.* at 3.

However, this court did not "direct" the defendant to do anything specific on remand with respect to this issue after the first appeal. *See Henderson v. Astrue*, No. 2:10-cv-122-GZS, 2011 WL 1130880, at *3 (D. Me. Mar. 25, 2011). In *dictum*, I said in full:

> It is, therefore, unnecessary to address the second basis for remand pressed by the plaintiff: that the moderate limitation on concentration, persistence, or pace found by the administrative law judge is unsupported by substantial evidence because no medical expert testified at the hearing and the state-agency psychological evaluations did not find any mental limitations on RFC. Because this state of affairs, if accurately described, favors the plaintiff, it might, if fully examined, constitute harmless error. In any event, the commissioner should be aware of the need for evidentiary support for such findings in connection with the remand.

*Id*. at *3 (citation omitted).

That the plaintiff chose to bring this issue to the court's attention again as an asserted basis for a second remand does not establish that what might have been a harmless error on the first iteration of this claim has necessarily become reversible error on the second. If it was harmless then, a question that I did not then decide, and if, as the plaintiff contends, nothing relevant has changed, then of course it would be harmless now.

It is true that, as the plaintiff states, "no medical expert testified [as to mental impairment] and the agency decisions below did not find a severe mental impairment." Itemized Statement at 2. It is also true that the administrative law judge assigned the plaintiff an RFC that includes mental limitations: the plaintiff "could understand, remember, and carry out simple, repetitive instructions and could persist at that level of complexity for eight hours a day, five days a week on a consistent basis. He needed to avoid work with the general public, but he could interact with coworkers and supervisors appropriately. The claimant was able to adapt to routine changes in the work setting." Record at 383.

An administrative law judge may not interpret raw medical evidence to support an assigned RFC. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The defendant appears to concede that the administrative law judge did so in this case. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") at 3-5; *see also* Record at 384-85. However, the court's review does not stop there.

The plaintiff does not contend that the medical evidence suggests, much less that it requires, the inclusion in the plaintiff's RFC of any greater mental limitations. Under these circumstances, the administrative law judge's error is harmless. Because the error can only have been in the plaintiff's favor, remand is not warranted. As I recently stated in a similar case:

> I note, in addition, the long-standing rule of Social Security law in this district that a claimant may not obtain a remand on the basis of an RFC that is more favorable to him or her than the evidence would otherwise support. *See, e.g., Gonsalves v. Astrue*, Civil No. 09-181-B[-]W, 2010 WL 1935753, at *6 (D. Me. May 20, 2010). If, despite the fact that there is no medical evidence of any limitations caused by the [impairment at issue], the administrative law judge included such limitations in the RFC that he assigned to the plaintiff, the long-standing rule applies here as well.

*Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014).

The plaintiff argues that "[t]his error cannot be considered harmless[,]" because depression and anxiety "are mentioned in records just prior to the Date Last Insured'" and he "testified to debilitating problems from Anxiety and Depression in the relevant period[.]" Itemized Statement at 3, 4. The plaintiff's own statements, however, are not medical evidence. And, the "mention" of anxiety and depression in medical records does not establish the existence of a severe mental impairment. Indeed, the administrative law judge in this case discussed the mention of depression and anxiety in the medical record in some detail. Record at 384-85. The plaintiff does not explain how the mention of these impairments in the medical record requires remand, in the face of specific mental limitations included in the RFC.

### B. Credibility

The plaintiff complains that the administrative law judge made a "negative credibility determination" based solely on a "rehash [of] certain medical records." Itemized Statement at 5. He asserts that the decision "does not contain a balanced discussion of Plaintiff's medical records, nor does it discuss his testimony in any detail[,]" thus violating 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p ("SSR 96-7p) in some unspecified manner. *Id.* [3]

This is an insufficient presentation to allow court review, and the issue must be deemed waived. *See, e.g., LeBlanc v. Colvin,* No. 2:13-cv-348-JDL, 2014 WL 5431567, at *4 n.5 (D. Me. Oct. 24, 2014). I note, however, that comparison of a claimant's medical records with his own testimony is a well-accepted method of analyzing the credibility of the claimant. *See, e.g.,* SSR 96-7p at 138. In addition, since the absence from an administrative law judge's opinion of reference to a claimant's testimony is not in itself a reversible error, *Nguyen v. Astrue*, No. 2:11-cv-189-NT, 2012 WL 975674, at *5 (D. Me. Mar. 21, 2012), the failure to discuss the plaintiff's testimony "in detail" in this instance cannot constitute reversible error either. *See Johnson v. Colvin*, No. 2:13-cv-00295-JAW, 2014 WL 3533326, at *3 (D. Me. July 16, 2014).

### II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 2nd day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] 20 C.F.R. §404.1529 occupies over three single-spaced pages in the current paperback publication of the Code of Federal Regulations. Social Security Ruling 96-7p occupies nine single-spaced pages of *West's Social Security Reporting Service* Rulings (Supp. 2014), at 133-42.